ON RETURN TO REMAND
McMILLAN, Judge.
This court remanded this case, Mixon v. State, 611 So.2d 420 (Ala.Cr.App.1992), to the trial court to allow it to make specific findings of fact for its denial of the petitioner’s Rule 32, A.R.Cr.P., petition, pursuant to Rule 32.9(d), A.R.Cr.P., and to address the petitioner’s claim that he was denied his right to appeal. Pursuant to our instructions, the trial judge issued the following findings.
“This matter coming before the Court by way of remand from the Alabama Court of Criminal Appeals, and the Court having reviewed the transcript of the evidentiary hearing held October 25, 1991, the Court makes the following findings of fact:
“(1) At the time the Petitioner entered his plea of guilty he was represented by the Honorables Donald E. Brutkiewicz, Jr., and Peter S. Mackey;
“(2) The Petitioner entered his plea of guilty pursuant a plea agreement;
“(3) Prior to entering said plea, both of the above stated attorneys advised the Petitioner of his rights regarding said plea;
“(4) Both of said attorneys advised the Petitioner that it was in his best interest to plead guilty;
“(5) Both of said attorneys reached this opinion after reviewing the facts of the case as presented by the State in its case before a jury;
“(6) Both of said attorneys were prepared to go to trial had the Petitioner not entered a plea of guilty;
“(7) The Petitioner made his decision to enter a plea of guilty upon advice of counsel only after speaking with his Grandmother and other family members;
“(8) The Petitioner entered his plea of guilty only after a colloquy in open court wherein he was advised of all the rights he was waiving, [and] acknowledged his guilt and the fact that he was freely and voluntarily entering his plea of guilty;
“(9) The Petitioner was advised of his right to appeal and that an attorney could be appointed to represent him on appeal; and,
“(10) The evidence was overwhelming of the Petitioner’s guilt and there was no reasonable theory of the facts which would support a charge on a lesser included offense.
“THEREFORE, upon due and proper consideration of all matters presented to the Court, it is ORDERED, ADJUDGED and DECREED that relief be and is hereby DENIED because:
“(1) The matter is one which is inappropriate for relief because it is one which could have been but was not raised at trial or which could have been but was not raised on appeal.
“(2) Petitioner entered a plea of guilty only after a colloquy in open court wherein Petitioner stated that his plea was voluntarily and intelligently entered.
“(3) In addition, without waiving reliance on the foregoing, the matter is not one for which Petitioner would be or is entitled to relief on the merits.”
We find no error in the trial court’s denial of petitioner’s Rule 32 petition. Accordingly, the judgment of the trial court is affirmed.
AFFIRMED.
All Judges concur.